UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARKOS PAPPAS | : | |
| VS. | : | CIVIL ACTION NO. |
| UNITED STATES OF AMERICA | : | JANUARY 19, 2021 |

## COMPLAINT

1. This is an action pursuant to the Federal Tort Claims Act to redress injuries inflicted upon the plaintiff by agents of the defendant United States of America acting in their official capacities.

2. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3), 1346(b), 1367(a), and 2671-2680 of Title 28 of the United States Code.

3. The plaintiff is an adult citizen of the United States who resides in New Haven, Connecticut.

4. The plaintiff filed an administrative claim asserting the matters herein alleged. The said claim was served upon the defendant's duly authorized representatives on or about June 4 and 8, 2020, which was within two years of the events alleged. The defendant did not respond to the said claim within six

1

months of its receipt and this action is filed within six months of the latter date. Accordingly, the plaintiff has exhausted all available administrative remedies.

5. On April 2, 1998, in the United States District Court for the District of Connecticut, the plaintiff was sentenced in Docket Number 3:96cr185 to a sentence of 360 months imprisonment upon his conviction of violations of 21 USC § 846, 18 USC § 1512, and 18 USC § 1513.

6. On December 13, 2006, the court vacated that sentence pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), but reimposed the prior 360-month sentence based solely upon the negligent representation by the United States Attorney that the sentence to be imposed should be enhanced pursuant to 21 USC § 851 because of the plaintiff's prior conviction in the Connecticut Superior Court of violating Section 21a-279(a) of the Connecticut General Statutes.

7. In fact, in the exercise of due care, the United States Attorney would and should have known that the Department of Justice had consistently agreed, and it was a fact, that Section 21a-279(a) was not a lawful basis for such enhancement.

8. The United States Attorney thereafter failed and neglected to correct that error in appellate proceedings before the United States Court of Appeals for the Second Circuit and thereafter at proceedings conducted in the United States

District Court for the District of Connecticut on various dates through and including March 18, 2019.

9. Finally, on March 28, 2019, the United States Attorney admitted his errors and the plaintiff's sentence was reduced to time served and he was released from custody on March 29, 2019.

10. At that time, solely as a consequence of the aforesaid negligence of the Department of Justice, the plaintiff had served 4 years, 7 months, and 29 days more than the statutory maximum period of time he should have served.

11. As a result, the plaintiff lost all of the pleasures of life as a free man for almost five years, with related emotional distress of the kind any normal human being would suffer as a proximate consequence of such a devastating loss of liberty and physical confinement under the cruel and harsh conditions typical of a federal prison.

WHEREFORE, the plaintiff claims judgment for compensatory damages in an amount not less than ten thousand dollars for each day of the aforesaid illegal imprisonment.

THE PLAINTIFF


BY:_____/s/_____(ct00215)_____
       JOHN R. WILLIAMS (ct00215)
       51 Elm Street
       New Haven, CT 06510
       203.562.9931
       Fax: 203.776.9494
       jrw@johnrwilliams.com