UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| MARKOS PAPPAS | : | |
|---|---|---|
| VS. | : | NO. 3:21cv77(JCH) |
| UNITED STATES OF AMERICA | : | APRIL 10, 2021 |

## **BRIEF IN OPPOSITION TO MOTION TO DISMISS**

This is an action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680. The plaintiff alleges that:

    5. On April 2, 1998, in the United States District Court for the District of Connecticut, the plaintiff was sentenced in Docket Number 3:96cr185 to a sentence of 360 months imprisonment upon his conviction of violations of 21 USC § 846, 18 USC § 1512, and 18 USC § 1513.

    6. On December 13, 2006, the court vacated that sentence pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), but reimposed the prior 360-month sentence based solely upon the negligent representation by the United States Attorney that the sentence to be imposed should be enhanced pursuant to 21 USC § 851 because of the plaintiff's prior conviction in the Connecticut Superior Court of violating Section 21a-279(a) of the Connecticut General Statutes.

    7. In fact, in the exercise of due care, the United States Attorney would and should have known that the Department of Justice had consistently agreed, and it was a fact, that Section 21a-279(a) was not a lawful basis for such enhancement.

1

8.  The United States Attorney thereafter failed and neglected to correct that error in appellate proceedings before the United States Court of Appeals for the Second Circuit and thereafter at proceedings conducted in the United States District Court for the District of Connecticut on various dates through and including March 18, 2019.

9.  Finally, on March 28, 2019, the United States Attorney admitted his errors and the plaintiff's sentence was reduced to time served and he was released from custody on March 29, 2019.

10.  At that time, solely as a consequence of the aforesaid negligence of the Department of Justice, the plaintiff had served 4 years, 7 months, and 29 days more than the statutory maximum period of time he should have served.

The defendant moves to dismiss, pursuant to F. R. Civ. P. 12(b)(1), asserting a lack of jurisdiction because (1) there is no such thing as negligent false imprisonment and (2) the actions of the United States Attorney are protected by absolute prosecutorial immunity.  The defendant further claims that the plaintiff waived his claims by agreeing to his release from prison without a concession from the United States that the position previously taken by the United States Attorney was wrong.

The plaintiff respectfully submits that the defendant's third claim is patently insufficient and that the law applicable to the defendant's first two contentions is not clearly established and that dismissal at this early stage, before the record can be developed adequately, would be inappropriate.

**Standard of Review**

A motion to dismiss for lack of subject matter jurisdiction, pursuant to F. R. Civ. P. 12(b)(1) requires the court to "look to the way the complaint is drawn to see if it claims a right to recover under the laws of the United States." IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1055 (2nd Cir. 1993), quoting Goldman v. Gallant Secs. Inc., 878 F.2d 71, 73 (2nd Cir. 1989), *cert. denied*, 513 U.S. 822 (1994). "The standards for dismissal under Rules 12(b)(1) and 12(b)(6) are substantially identical." Lerner v. Fleet Bank, N.A., 318 F.3d 113, 128 (2nd Cir.), *cert. denied*, 540 U.S. 1012 (2003). As in the case of a 12(b)(6) motion, "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff." Raila v. United States, 355 F.2d 118, 119 (2nd Cir. 2004); Natural Resources Defense Council v. Johnson, 461 F.3d 164, 171 (2nd Cir. 2006).

**The Defendant's Waiver Claim**

The defendant's claim of waiver is based on the Stipulation for Resentencing which it and the plaintiff filed in the underlying criminal prosecution. It is properly considered by the court at this time because it is a matter of public record, a record of this very court, and is referenced in the Complaint in this case. Wilson v. Southampton Hospital, 2015 WL 5124481 *6

(E.D.N.Y.); In re Merrill Lynch & Co., 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003).

The defendant's argument seems to be based entirely on the first clause of the first sentence of Paragraph 3 of that Stipulation, which states: "Without conceding their positions in this matter...." This language is not remotely sufficient to establish a waiver of the claims which the plaintiff now makes in this lawsuit. A waiver is the intentional relinquishment or abandonment of a known right or privilege and the courts indulge every reasonable presumption against the waiver of fundamental constitutional rights. To be effective, it must be clearly established that there was "an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 463-64 (1938); Brookhart v. Janis, 384 U.S. 1, 4 (1966). A waiver of a constitutional right must affirmatively appear on the record. Waiver cannot be found on the basis of a silent record. Brookhart v. Janis, *supra,* at 7-8. State v. Gore, 288 Conn. 770, 776-82, 955 A.2d 1 (2008).

**Negligent Imprisonment**

No appellate court in Connecticut ever has decided the issue of whether there is a cause of action under Connecticut law for negligent imprisonment. The only case addressing that issue is an unpublished trial court ruling in 2015,

Flemming v. City of Hartford, 2015 WL 7939780 *3 (Peck, J.), in which the court granted the defendant's motion to strike such a claim, noting that no such cause of action has yet been recognized in Connecticut and that prior language of the Supreme Court "suggests, at the very least, that the Court is skeptical...."  The plaintiff submits that with so little, if any, authority on the issue from the Connecticut courts, it would not be appropriate to decide the question on the present record at this early stage of the litigation.

**Prosecutorial Immunity**

The defendant further argues that the mistaken arguments on the law which were presented by United States Attorney to both the District Court and the Court of Appeals, which resulted in the plaintiff's imprisonment for more than four years longer than he should have been, are protected by absolute prosecutorial immunity.  The issue, as the defendant notes, is whether making these arguments to the courts fell within a "core"prosecutorial function or an administrative function which would not enjoy the absolute immunity being asserted here.

There do not appear to be any Connecticut cases addressing whether negligent representations of the law to a court are "core" prosecutorial functions or administrative ones.  Cases interpreting the negligence of prosecutors seem

5

to focus on decisions to initiate prosecutions, rather than mere legal arguments. *See* D'Amato v. Thomas, 2010 WL 2817260 (Peck, J.); Bahjat v. State's Attorney Office, 2019 WL 7815714 (Ozalis, J.), discussing, *inter alia*, Ventura v. East Haven, 330 Conn. 613, 636-67, 199 A.3d 1 (2019); Morneau v. State, 150 Conn. App. 237, 263, 90 A.3d 1003, *cert. denied*, 312 Conn. 926, 95 A.3d 522 (2014).

Once more, the issue presented in this aspect of the defendant's Motion to Dismiss, while certainly appropriate, is premature and its resolution should be deferred until the facts can be developed more completely.

**Conclusion**

The Motion to Dismiss should be denied.

                THE PLAINTIFF

                BY:    */s/*   (ct00215)
                     JOHN R. WILLIAMS (ct00215)
                     51 Elm Street
                     New Haven, CT 06510
                     203.562.9931
                     Fax: 203.776.9494
                     jrw@johnrwilliams.com

CERTIFICATION OF SERVICE

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                          /s/     (ct00215)
                                   JOHN R. WILLIAMS