UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARKOS PAPPAS,<br>  Plaintiff, | :<br>:<br>: | CIVIL CASE NO.<br>3:21-CV-00077 (JCH) |
| v. | :<br>: | |
| UNITED STATES OF AMERICA,<br>  Defendant. | :<br>:<br>: | FEBRUARY 28, 2022 |

**RULING ON DEFENDANT'S MOTION TO DISMISS (DOC. NO. 12)**

**I.   INTRODUCTION**

Plaintiff Markos Pappas brings this action pursuant to the Federal Tort Claims Act ("FTCA"), alleging that as a result of a "negligent representation [made] by the United States Attorney", he was wrongfully imprisoned for nearly five years "more than the statutory maximum period of time he should have served." See Compl. at ¶¶ 6, 10.

Defendant United States of America has moved to dismiss Pappas' action in its entirety. See Mot. to Dismiss ("Def.'s Mem.") (Doc. No. 12); Reply Brief in Supp. of Mot. to Dismiss ("Def.'s Reply") (Doc. No. 17). Pappas opposes this Motion. See Brief in Opp'n to Mot. to Dismiss ("Pl.'s Mem.) (Doc. No. 13); Supplementary Brief in Opp'n to Mot. to Dismiss ("Pl.'s Supplemental Mem.") (Doc. No. 14).

For the reasons discussed below, the court grants defendant's Motion to Dismiss.

**II.   ALLEGED FACTS**

In 1998, Pappas was sentenced in the United States District Court for the District of Connecticut to 360 months in prison after being convicted of conspiracy to distribute cocaine; conspiracy to cause bodily harm to a victim in retaliation; and causing bodily

1

harm to a victim in retaliation.  Compl. at ¶ 5; Judgment in a Criminal Case, United States v. Pappas, No.96-CR-185 (Doc. No. 246) (D. Conn. Apr. 2, 1998).  He alleges that, on December 13, 2006, "the court vacated [his] sentence pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), but reimposed the same 360-month sentence based solely upon the negligent representation by the United States Attorney that the sentence to be imposed should be enhanced pursuant to [section 851 of title 21 of the United States Code] because of [Pappas'] prior conviction in the Connection Superior Court of violating Section 21a-279(a) of the Connecticut General Statutes."[1]  Id. at ¶ 6.  According to Pappas, had the U.S. Attorney "exercise[d] due care", he or she would have known that a violation of Section 21a-279(a) "was not a lawful basis for such [an] enhancement."  Id. at ¶ 7.

In the appellate proceedings following the resentencing and in subsequent district court proceedings thereafter, the U.S. Attorney "failed and neglected to correct that error."  Id. at ¶ 8.  This continued until March 28, 2019, when – according to Pappas – "the United States Attorney admitted his errors and the plaintiff's sentence was reduced to time served and he was released from custody on March 29, 2019."  Id. at ¶

---

[1] The court notes that it does not appear that Pappas' sentence was actually vacated on December 13, 2006.  See Lauria v. U.S., Nos. 396-CR-185, 301-CV-1893, and 301-CV-1894, 2006 WL 3704282, at *21, *21 n. 15 (D. Conn. Dec. 13, 2006).  However, it does appear that Judge Dorsey relied on the sentencing enhancement to calculate the statutory maximum of Pappas' sentence.  Using the enhanced maximum, he then concluded that, "[b]ecause any consideration of drug type and quantity . . . did not lead to the imposition of a sentence greater than the otherwise applicable statutory maximum, Pappas' Apprendi claim fails."  Id. at *21 (internal citations omitted).  Thus, the enhancement that Pappas argues here was negligently applied was an integral part of the court's reasoning in denying his Apprendi claim in December 2006, even if his sentence does not appear to actually have been vacated.  As discussed below, see infra n. 2, the court may consider Judge Dorsey's December 13, 2006 Ruling because, among other reasons, Pappas has explicitly incorporated it into his Complaint by reference.

9.[2]  Pappas alleges that, due to the prosecutor's negligence, he served 4 years, 7 months, and 29 days more than the statutory maximum for his offense.  Id. at ¶ 10.

## III.     STANDARD OF REVIEW

To withstand a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  The plausibility standard is not a probability requirement; the pleading must show, not merely allege, that the pleader is entitled to relief.  Id.  Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements", are not entitled to a presumption of truth.  Id.  However, when reviewing a motion to dismiss, the court must accept the factual allegations in the operative complaint as true and draw all reasonable inferences in the non-movant's favor.  See Graziano v. Pataki, 689 F.3d 110, 114 (2d Cir. 2012).

---

[2] As defendants correctly point out, the U.S. Attorney did not "admit[ ] his errors" on March 29, 2019.  See Def.'s Mem. at 3.  Rather, in the Stipulation for Resentencing, the Government explicitly did not "concede[ ] its position[ ] in [the] matter." Def.'s Ex. A, Stipulation on Resentencing, at ¶ 3.  The court may consider the Stipulation on Resentencing at the Motion to Dismiss stage because, among other reasons, Pappas has "incorporated [it into his Complaint] by reference."  Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (internal quotations and citations omitted).  However, the court notes that even if the U.S. Attorney had admitted his errors, as Pappas alleges he did, it would not alter the court's analysis and it would still dismiss the case on the grounds discussed herein.

3

**IV.     ANALYSIS**

     A.      <u>Absolute Prosecutorial Immunity</u>

The Government has moved to dismiss the Complaint in its entirety. It argues, <u>inter alia</u>, that Pappas' claim is barred by absolute prosecutorial immunity.[3] Def.'s Mem. at 5-8. The court agrees.

It is well-established that prosecutors are entitled to absolute immunity for "[t]hose acts that are 'intimately associated with the judicial phase of the criminal process' . . . but not 'those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of advocate.'" <u>Warney v. Monroe County</u>, 587 F.3d 113, 121 (2d Cir. 2009) (quoting <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430-31 (1976)). In determining whether absolute prosecutorial immunity applies, "[t]he ultimate 'question . . . is whether the prosecutors have carried their burden of establishing that they were functioning as "advocates" when they' engaged in the challenged conduct." <u>Doe v. Phillips</u>, 81 F.3d 1204, 1209 (2d Cir. 1996) (quoting <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 273 (1993)). "'A prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity.'" <u>Warney</u>, 587 F.3d at 121 (quoting <u>Buckley</u>, 509 U.S. at 273)).

In addition, the Second Circuit has held that "absolute immunity shields work performed during a post-conviction collateral attack, at least insofar as the challenged actions are part of the prosecutor's role as an advocate for the state." <u>Id.</u> at 123. This

---

[3] Although the defense of absolute prosecutorial immunity is more commonly raised in the section 1983 context, the FTCA permits the United States to assert such a defense here. See <u>Vidro v. U.S.</u>, No:11-CV-1399, 2012 WL 4481719, at *3 (D. Conn. Sept. 26, 2012) (reviewing the legislative history of the FTCA and concluding that it "preserves defenses like . . . prosecutorial immunity").

4

remains true even if the prosecutor's actions "could be seen as administrative or investigative" but "were also integral to the overarching advocacy function of dealing with post-trial initiatives challenging an underlying criminal conviction: they required legal knowledge and the exercise of related discretion." Id. at 124 (internal quotations and citations omitted).

Taking the well-pleaded factual allegations in his Complaint as true, the conduct alleged falls squarely within the well-established framework for when absolute prosecutorial immunity applies. Pappas alleges that, during a 2006 post-conviction habeas proceeding in which he sought to collaterally attack his sentence, a U.S. Attorney negligently represented to the court that he was subject to a sentencing enhancement when, in reality, he was not. Compl. at ¶ 6. He also alleges that the same negligent misrepresentation continued during his appeal to the Second Circuit and during subsequent proceedings at the District Court. Id. at ¶ 8. Such allegations, accepted as true at this stage, are quintessential advocacy functions for which prosecutors are entitled to absolute immunity.

The Motion to Dismiss is therefore granted as to defendants' argument that Pappas' claim is barred by absolute prosecutorial immunity.

B.  Other Arguments for Dismissal

Because the court will grant Pappas leave to amend his Complaint, it briefly addresses three other deficiencies in his Complaint.

First, as defendants point out, it is difficult to ascertain the exact claim or claims Pappas is bringing in this action. While he states in the first paragraph of the Complaint that it is brought "pursuant to the [FTCA]", he does not identify with precision the cause

or causes of action that he is alleging. Compl. at ¶ 1. Defendants – and the court – are left guessing.

Second, in his Memorandum, Pappas states that his claim is for "negligent imprisonment." Pl.'s Mem. at 4-5. However, "[b]y waiving sovereign immunity under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred, the FTCA directs courts to consult state law to determine whether the government is liable for the torts of its employees." Liranzo v. U.S., 690 F.3d 78, 86 (2d Cir. 2012) (internal quotations and citations omitted). The case Pappas points to explicitly states that "[n]egligent false imprisonment is not a cause of action that is recognized in the state of Connecticut." Flemming v. City of Hartford, No. CV146049550S, 2015 WL 7939780, at *3 (Conn. Super. Ct. Nov. 6, 2015) (citing Rivera v. Double A Transp. Inc., 248 Conn. 21, 31-32 (1999) (emphasis added). To the extent that the court reads the Complaint as alleging a claim for negligent imprisonment – as Pappas argues it should – the lack of a cause of action for such a claim in Connecticut would provide a separate reason to dismiss his FTCA action.

Third, to the extent that Pappas' FTCA claim sounds in false imprisonment, it would also be barred by the intentional tort exception.[4] "The FTCA does not waive sovereign immunity for claims of false imprisonment, excepting those false imprisonment claims arising from the 'acts or omissions of investigative or law

---

[4] As noted above in this section, Pappas' Complaint does not specify his cause of action, although he argues in his Memorandum that he has brought a claim for "negligent imprisonment." Pl.'s Mem. at 4-5. Because defendant argues that the court should look to "the substance of [his] claim, and not the language used in stating it", and further argues that his claim sounds in false imprisonment, the court finds it useful to address that argument here in the event that Pappas chooses to file an Amended Complaint. See Def.'s Mem. at 9-10 (internal quotations and citations omitted).

enforcement officers of the United States Government." McGowan v. United States, 825 F.3d 118, 127 n. 5 (2d Cir. 2016).  However, a "prosecutor [is] not a law enforcement officer for [the] purposes of [the] FTCA intentional tort provision", and thus "the FTCA does not authorize suits for intentional torts based upon the actions of Government prosecutors." Bernard v. U.S., 25 F.3d 98, 104 (2d Cir. 1994); see also Quinoy v. Pena, No. 13-CV-1945, 2014 WL 1998239, at *6 (S.D.N.Y. May 14, 2014) (quoting Bernard to hold that "the FTCA does not authorize suits for intentional torts based upon the actions of Government prosecutors", and "[t]his includes Assistant United States Attorneys").  Thus, to the extent that Pappas alleges a claim for false imprisonment under the FTCA based solely on the actions of government prosecutors, his claim would still be dismissed.

### V.   CONCLUSION

For the reasons stated above, the court grants defendants' Motion to Dismiss and dismisses the Complaint in its entirety.  The dismissal is without prejudice.  Pappas is granted leave to file an amended complaint if – and only if – he has a good faith belief that the Amended Complaint can cure the deficiencies identified by the court in this Ruling.  If he chooses to do so, he must file the Amended Complaint within 14 days of this Ruling.

**SO ORDERED.**

Dated at New Haven, Connecticut this 28th day of February 2022.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge